UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| CHARLES TAYLOR, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CAUSE NO. 3:08-CV-562 PS |
| MICHAEL BOOKS, *et al.*, | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

On July 8, 2008, Officer Biggs summoned Charles Taylor from his prison cell to receive his scheduled medication. Hampered by an injured leg, Taylor was slow in making his way downstairs to the medical cart. Biggs got irritated and started yelling at Taylor to pick up the pace, which led to a snippy exchange of words between the two. Biggs eventually radioed another officer, Officer Sure, for backup. The nurse then handed Taylor his medication. As Taylor was putting water in his cup, Sure walked in and started yelling at Taylor to pack his things. Taylor instead proceeded to take his medication. This prompted Sure to spray Taylor in the eyes with pepper spray at close range. Despite pleas for help, nobody assisted Taylor or provided him water to flush out his eyes. Taylor subsequently filed this Section 1983 action against Biggs and Sure, as well as the Elkhart County Sheriff's Department, Elkhart County Sheriff Michael Books, and Lieutenant Naves.

Taylor filed this lawsuit as a *pro se* pretrial detainee. Therefore, pursuant to 28 U.S.C. § 1915A, I must review his prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant

who is immune from such relief.  Courts apply the same standard under § 1915A as when addressing a motion under Federal Rule of Civil Procedure 12(b)(6).  *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).  In the context of a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  A plaintiff's obligation to provide plausible grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 555 (2007) (quotation marks and brackets omitted).  "Determining whether a complaint states a plausible claim for relief requires me to draw on my judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950.  When dealing with *pro se* litigants, I must construe their pleadings liberally and hold them to less stringent standards than formal pleadings drafted by trained lawyers.  *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007).

Taylor brought this action under 42 U.S.C. § 1983, which provides a cause of action to redress a violation of a federally secured right by a person acting under color of state law.  *Burrell v. City of Matoon*, 378 F.3d 642, 647 (7th Cir. 2004).  Taylor characterized Defendants' actions as "deliberate indifference amounting to cruel and unusual punishment." (Compl. at 4.)  In other words, he is asserting an Eighth Amendment claim.  As a pretrial detainee, the Eighth Amendment's proscription against cruel and unusual punishments applies to him by way of the Fourteenth Amendment; but the legal standard is the same. *Palmer v. Marion County*, 327 F.3d 588, 593 (7th Cir.2003).  Whether an officer uses excessive force depends on "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm."  *Richman v. Sheahan*, 512 F.3d 876, 882-83 (7th Cir. 2008). In this case, Taylor claims Officer Sure had no penological justification to pepper spray him in

the eyes at point blank range.  Taylor admits in his complaint that he was talking back to the officers.  But as Taylor tells it, his level of insubordination was minor.  And at the time Sure sprayed Taylor, Taylor was attempting to take his medication and presumably posed no threat to anyone.  Giving Taylor the benefit of the inferences he is entitled to at this stage, he has stated a claim that Officer Sure's of pepper spray under the circumstances amounted to excessive force.

However, Taylor may not pursue an excessive force claim against any other defendant.  Section 1983 creates a cause of action based on personal liability; thus a plaintiff must allege facts showing the defendant's participation or direct responsibility for the conditions of which he complains.  *See Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir. 1996).  There is no indication in the Complaint that anyone other than Sure used force against Taylor.

After being sprayed, Taylor complains he was denied sufficient fluids to flush the chemicals out of his eyes and that his complaints of eye pain were ignored.  (Compl. at 4.)  The Eighth Amendment requires the government to provide medical care to prisoners.  *See Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008).  A prisoner claiming deficient medical care must establish (1) an objectively serious medical condition and (2) an official's deliberate indifference to that condition.  *Williams v. Liefer*, 491 F.3d 710, 714 (7th Cir. 2007).  The standard is a high one.  Conduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner.  That is, the defendant must have known that the plaintiff was at serious risk of being harmed and decided to do nothing about it even though he easily could have done so.  *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).  Taylor's allegations state a claim that prison officials were deliberately indifferent in failing to treat him and failing to provide him enough water after he was pepper sprayed.  But Taylor hasn't alleged facts

3

suggesting that any of the named Defendants were personally responsible for denying treatment. Instead he blames both the booking department and the prison's medical staff. It is unclear at this point who those people are. If Taylor wishes to proceed on this claim, he must determine the names of these prison officials through discovery and amend his complaint to name these individuals as defendants.

Taylor also complains that the jail has been withholding or delaying legal mail from him and his fellow inmates. It appears that Taylor is attempting to assert a claim that the prison's withholding of legal mail violates his First Amendment rights to access the courts. To state such a claim, a plaintiff must allege that he was injured in addition to being denied access to the courts. *Lewis v. Cook County Bd. of Comm'rs*, 6 Fed.Appx. 428, 430 (7th Cir. 2001). It is sufficient to allege that the blockage of legal mail prevented him from litigating a non-frivolous case. *Id.* But Taylor does not allege that he has been prejudiced in any legal proceeding by any delay or withholding of legal mail. Nor does he have standing to assert the rights of others. Therefore, this claim must fail.

Other than Officer Sure, Taylor hasn't sufficiently alleged that any of the other defendants violated his constitutional rights. First, he claims that Officers Biggs was rude and yelled at him, but "[s]tanding alone, simple verbal harassment does not constitute cruel and unusual punishment." *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). Second, Taylor has named Sheriff Books as a defendant, but he hasn't alleged a single fact as to Book's personal involvement with any of his constitutional injuries. Third, he has sued the Sheriff's Department. But to hold a municipal agency liable under § 1983, a plaintiff must allege that the execution of the agency's policy or custom inflicted the injury or that the actions were undertaken by a

policymaker. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978). Taylor hasn't made any such allegations. Finally, he claims that he filed a grievance according to the prison's internal grievance procedures, but Lieutenant Naves never responded to the grievance. This allegation, without more, does not implicate a constitutional deprivation. At most, this fact may bear on whether or not Taylor exhausted his administrative remedies.

For the foregoing reasons:

(1) **GRANTS** the Plaintiff leave to proceed against Officer Sure in his individual capacity for the alleged excessive use of force involving pepper spray;

(2) **GRANTS** the Plaintiff leave to proceed against Sheriff Michael Books solely for the purpose of discovery to identify the prison's booking and medical staff that allegedly denied the Plaintiff treatment for his eyes;

(3) **WAIVES** the Elkhart County Sheriff's obligation to file an answer pursuant to 42 U.S.C. § 1997e(g)(2);

(4) **DIRECTS** the Clerk of the Court to place the cause number of this case on a blank 42 U.S.C. § 1983 Prisoner Complaint form and mail it to Charles Taylor along with a copy of this order;

(5) **ORDERS** that all discovery permitted by this order be initiated by August 14, 2009;

(6) **ORDERS** Charles Taylor to file any amended complaint on or before **October 16, 2009**, which names the booking and medical staff and presents any and all claims that he is asserting against such staff member(s) for denial of medical treatment for his eyes;

(7) **DISMISSES** all other claims;

(8) **DIRECTS** the Clerk of the Court to transmit the summonses and USM-285s to the

United States Marshals Service along with copies of this order and copies of the complaint;

(9) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Officer Sure for the purpose of answering the claims upon which the Court granted the Plaintiff leave to proceed.

(10) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Sheriff Michael Books only for purposes of discovery relating to the identity of the prison's booking and medical staff; and

(11) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), Officer Sure to file an answer, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L. R. 10.1, only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED.**

**ENTERED**: July 7, 2009.

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT